BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA 95814-2322
Telephone: (916) 554-2760
Facsimile: (916) 554-2900
Email: yoshinori.himel@usdoj.gov

Attorneys for Petitioner United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Petitioner,<br><br>   v.<br><br>FREDDY VISCARRA and<br>VERONICA VISCARRA,<br><br>        Respondents.<br>_____ | Case No. 1:11-cv-01969-AWI-BAM<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT; ORDER**<br><br>TAXPAYERS:  FREDDY VISCARRA and VERONICA VISCARRA |

This matter came before me on January 13, 2012, under the Order to Show Cause filed December 1, 2011 (Doc. 4), and on petitioner's motion to permit alternate process service, filed December 16, 2011. (Doc. 5.)  Respondents did not file written opposition to the verified petition filed November 29, 2011, nor did they file opposition to the service motion.  Yoshinori H. T. Himel, Assistant United States Attorney, appeared for petitioner, and investigating Revenue Officer David M. Lopez was present.  Respondents did not appear.

The Verified Petition to Enforce I.R.S. Summons initiating this proceeding seeks to enforce administrative summonses (Exhibit A to the petition), issued July 12, 2011, to aid Revenue Officer Lopez' investigation of Freddy Viscarra and Veronica Viscarra to

1  determine financial information relevant to the IRS' efforts to collect their Personal
2  Income Tax (Form 1040) for the taxable year ending December 31, 2006.
3       Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is
4  found to be proper.  I.R.C. §§ 7402(b) and 7604(a) (26 U.S.C.) authorize the government
5  to bring the action.  The Order to Show Cause shifted to respondent the burden of
6  rebutting any of the four requirements of *United States v. Powell*, 379 U.S. 48, 57-58
7  (1964).
8       Petitioner first moves for an order permitting alternate process service.  The
9  motion itself was served properly and timely under Local Rule 230(b).  The declaration of
10 Revenue Officer Tony Garza reflects that respondents lived in a fenced and gated
11 compound containing three residences.  The declaration raises safety issues arising from
12 the presence of two large dogs, and from signage and behavior suggesting that the dogs
13 were a hazard to strangers.  Other signage asserted that the dogs' owners wielded firearms
14 and compared that hazard to that of the dogs.  A woman at one of the residences,
15 identifying herself as Freddy Viscarra's mother, told Revenue Officer Garza that she
16 owned the compound and lived in that residence, and that the respondents lived in another
17 of the residences, located at the back of the compound.  When RO Garza handed the
18 mother envelopes containing the verified petition, the order to show cause and the points
19 and authorities, the mother promised to hand the papers to each respondent personally.
20 Additionally, the proof of service attached to Petitioner's request for an order permitting
21 alternate service of process reflects that another copy of the of the IRS summons was
22 mailed to each Respondent.  (Doc. 5, p. 5.)  These combined methods underscore the high
23 probability of actual notice.
24      On the issue of process service, the Court finds as follows:
25      (1) RO Garza was validly concerned for his own safety should he leave his car to
26 approach respondents' residence to deliver the process directly to them;
27      (2) The method of service used by petitioner, i.e., personal delivery to respondents'
28 resident landlord who was the mother of one respondent and who promised prompt

personal delivery to both respondents, was reasonably calculated to give respondents timely actual notice of these proceedings;

(3) The method of process service adopted by petitioner comports with the Due Process Clause in U.S. Const. Amend. V and the purposes of Fed. R. Civ. P. 4(e).

Accordingly, under Fed. R. Civ. P. 81(a)(5) and the Order to Show Cause, the motion to permit alternate process service should be and is GRANTED.

The Court has reviewed the verified petition and the documents in support thereof. On the summons enforcement merits, based on the uncontroverted verification of the petition by Revenue Officer Lopez and the entire record, The Court find as follows:

(1) The summonses issued by Revenue Officer David M. Lopez to respondents, Freddy Viscarra and Veronica Viscarra, on July 12, 2011, seeking testimony and production of documents and records in respondents' possession, was issued in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine financial information relevant to the IRS' efforts to collect Personal Income Tax (Form 1040) for the tax year ending December 31, 2006;

(2) The information sought is relevant to that purpose;

(3) The information sought is not already in the possession of the Internal Revenue Service;

(4) The administrative steps required by the Internal Revenue Code have been followed;

(5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution;

(6) The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964);

(7) The burden shifted to respondents, Freddy Viscarra and Veronica Viscarra, to rebut that prima facie showing;

(8) Respondents presented no argument or evidence to rebut the prima facie showing;

1    The Court therefore recommends that the IRS summonses issued to respondents, Freddy Viscarra and Veronica Viscarra, be enforced, and that respondents be ordered to appear at the I.R.S. offices at 2525 Capitol Street, Suite 206, Fresno, California 93721-2227 before Revenue Officer David M. Lopez, or his designated representative, on the twenty-first (21st) day after the filing date of the District Judge's summons enforcement order, or at a later date to be set in writing by Revenue Officer Lopez, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.  The Court further recommends that if it enforces the summonses, the Court shall retain jurisdiction to enforce its order by its contempt power.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California. Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

   The Clerk shall serve this and further orders by mail to Freddy Viscarra and Veronica Viscarra, at 19754 E. Parlier Ave., Reedley, CA 93654-9771.

   IT IS SO ORDERED.

Dated:   **January 19, 2012**           /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE